

**LAW OFFICES**
BERNARD M. GROSS, P.C.

BERNARD M. GROSS
WARREN RUBIN
DEBORAH R. GROSS**
SUSAN R. GROSS***
MICHAEL N. BORISH*
TINA MOUKOULIS*
JAMES L. NEWMAN, JR.*
KAY E. SICKLES*

ROBERT P. FRUTKIN
*Of Counsel*

*ALSO MEMBER OF NJ BAR
**ALSO MEMBER OF MA BAR
***ALSO MEMBER OF FL BAR

May 7, 2012

***FILED VIA ECF***
Hon. Karen M. Williams
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets, Rm. 2040
Camden, NJ  08101

Re:     *Steamfitters Local 449 Pension Fund v. Central European*
        *Distribution Corp., et al.*
        Civil Action No.:  11cv06247_____
                        **AND**
        *Tim Schuler v. Central European Distribution Corp., et al.*
        Civil Action No.:  11cv07085_____

Dear Magistrate Williams:

        We represent lead plaintiff movant Prosperity Group in the above-captioned actions and
submit this response to the competing movant the Arkansas Public Employees Retirement
System and the Fresno County Employees' Retirement Association's (hereinafter, the
"Retirement Group") submission attaching a recent opinion from the District Court of the
Northern District of California, *Fish v. Netflix, Inc., et al*., No. 12-1030 (N.D. Cal. April 26,
2012) ("*Netflix*"). Dkt No. 35 & 35-1 (May 3, 2011).   *Netflix* does nothing to support the
Retirement Group's arguments, but rather confirms that the Retirement Group's motion should
be denied.

        In *Netflix*, the Court found that a member of the lead plaintiff movant, the Fish Group,
did not reveal that she was not the true legal entity holding the Netflix stock at the time its
original motion papers were filed.  *Netflix* at 11 ("The Comstock Trust does not appear in the
Fish Group's initial motion and did not assign its claims to [Nancy] Comstock."). The Court
found that "this may raise a colorable issue of whether Comstock herself, as a legal entity
distinct from Comstock Trust, has standing to bring a claim.  Thus, even if the Court were to
aggregate the Fish Group's members' individual claims, the Fish Group would not satisfy the
PSLRA typicality argument."  *Netflix* at 11-12.  This is not the case with the Prosperity Group.
All of the legal entities that comprise the Prosperity Group were not only identified in the
Prosperity Group's initial papers, but also moved for appointment as lead plaintiff, and thus
satisfy the standing requirements under both *Huff* and the current majority case law in this

Hon. Karen M. Williams
May 7, 2012
Page 2

Circuit.   *See* Dkt No. 10 (Prosperity Group's Memorandum in Support of Motion for Appointment as Lead Plaintiff, at 1 n.2); Dkt. No. 33 (Prosperity Group Reply Memorandum, at 1 n.1, 3-10).

Furthermore, the facts in *Netflix* are clearly distinguishable from the circumstances surrounding the instant motions for lead plaintiff.  In *Netflix*, the Fish Group claimed to be the presumptive lead plaintiff with the largest financial interest based on the aggregated losses of its three individual members.  In denying its motion for lead plaintiff, the *Netflix* Court declined to aggregate the losses of an unrelated group of individuals, finding that "[t]he Fish Group has made no showing of former ties or current cohesion" and, hence, did not have the greatest financial loss to be appointed lead plaintiff. *Netflix* at 10.  It is not surprising that the Retirement Group omits this portion of the court's analysis in its submission as it cannot challenge that the Prosperity Group does indeed have the greatest financial interest in this litigation.  As a ***related*** group of investment entities, not "unrelated" individuals, the Prosperity Group has clearly shown the Court that cohesion exists among its members.[1]  In fact, while ***supporting*** the appointment of a group of related entities, like the Prosperity Group, *Netflix* ***compels the denial*** of the Retirement Group's motion.  The Court in *Netflix* appointed two institutional investors as lead plaintiff because they demonstrated a pre-existing relationship -- a previous working relationship wherein they were able to attain a settlement for a class in another securities class action.  *Netflix* at 12.  Arkansas and Fresno, two completely unrelated entities, have failed to demonstrate to the Court "a pre-existing relationship which indicates their cohesion and ability to adequately control and oversee the litigation," and under *Netflix*, their motion must be denied.  *Netflix* at 12.

In conclusion, the Retirement Group's competing motion for appointment as lead plaintiff, as well as their supplemental reliance on the *Netflix* decision, fail to rebut the Prosperity Group's status as the presumptive lead plaintiff.  The Retirement Group's motion should be denied.

Respectfully,

LAW OFFICES
BERNARD M. GROSS, P.C.
BY:

DEBORAH R. GROSS

cc:      All Counsel (via ECF)

---

[1] *See* Dkt No. 10, Prosperity Group's Memorandum in Support of Motion for Appointment as Lead Plaintiff, at p.1 n.2 ("The Prosperity Group is a related group of investment entities"); Sinton Certification ¶¶2 and 3;  Dkt. No. 33, Prosperity Group's Reply Memorandum, Declaration of Oliver Sinton, ¶¶ 4, 5