

Daniel S. Sommers
(202) 408-4609
dsommers@cohenmilstein.com

May 9, 2012

**VIA ECF**

The Honorable Karen M. Williams
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Room 1050
Camden, New Jersey 08101

Re:  *Schuler v. Central European Distribution Corp.*, *et al.*,
 Civil Action No. 11-7085

Dear Magistrate Judge Williams:

 We represent lead plaintiff movants Arkansas Public Employees Retirement System ("Arkansas") and Fresno County Employees' Retirement Association ("Fresno") in the above-captioned matter and write briefly in response to the letter the Prosperity Group filed on May 7, 2012 (Dkt No. 36).

 First, the Prosperity Group attempts to distinguish *Fish v. Netflix, Inc.*, *et al.*, No. 12-1030 (N.D. Cal. Apr. 26, 2012), asserting that, unlike the Fish Group in *Netflix*, the Prosperity Group disclosed "all of the legal entities" that constituted the Prosperity Group. This argument, however, is completely beside the point (and irrelevant to the *Netflix* Court's rationale in reaching its decision that one member of the Fish Group was subject to a "colorable issue" of whether it had standing), as disclosure cannot cure the reality that no member of the Prosperity Group possesses Article III standing and that each member of the Prosperity Group will be subject to defenses relating to their lack of standing throughout the litigation. Nor can the Prosperity Group's lack of standing be cured by the conclusory and baseless declaration that the "Prosperity Group … satisf[ies] the standing requirements [] under *Huff*." Thus, the Prosperity's Group's effort to distinguish the *Netflix* decision is unavailing.



The Honorable Karen M. Williams
May 9, 2012
Page 2

In addition, the Prosperity Group's "argument" in their letter attacking the adequacy of Arkansas and Fresno because they joined forces should be disregarded. If the Prosperity Group truly believed this argument had merit they presumably would have raised it in their opposition memorandum. Tellingly, they did not. Indeed, in their opposition memorandum the Prosperity Group raised no issue at all with respect to the adequacy of Arkansas or Fresno or to the typicality of their claims. Even were the Court to consider the Prosperity Group's belated and disingenuous argument, it must be rejected as it is factually baseless and legally meritless. In fact, the fully appropriate genesis of the working relationship between Arkansas and Fresno is documented in the Joint Declaration filed by Arkansas and Fresno (Dkt No. 7). The Joint Declaration explains that they moved together for appointment as Lead Plaintiff "because we have each lost hundreds of thousands of dollars due to defendants' actions, and we believe that together we can effectively seek compensation for all purchasers of CEDC securities who also suffered losses," and informed the Court of the mechanics of their plan to work together efficiently.

Accordingly, the Prosperity Group's arguments should be disregarded and Arkansas and Fresno – the only lead plaintiff movants with standing to act as representative plaintiffs for the putative class – should be appointed as lead plaintiffs and their choice of lead and liaison counsel approved.

                                            Respectfully yours,

                                            /s/ Daniel S. Sommers

                                            Daniel S. Sommers

cc: All Counsel (via ECF)